

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

KEVIN SCOTT DAVIS,

    *Plaintiff,*

vs.

CLARK COUNTY DETENTION CENTER,
*et al.,*

    *Defendants.*

2:09-cv-02196-RCJ-LRL

ORDER

    This prisoner civil rights action comes before the Court for initial review under 28 U.S.C. § 1915A as well as on plaintiff's motion (#12) for a temporary restraining order and motion (#13) for a preliminary injunction.

### Screening

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the

1 | complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868
2 | (2009).   That is, bare, naked and conclusory assertions that merely constitute formulaic
3 | recitations of the elements of a cause of action and that are devoid of further factual
4 | enhancement are not accepted as true and do not state a claim for relief.  *Id.*

5 |     Further, the factual allegations must state a plausible claim for relief, meaning that the
6 | well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

8 |     [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its
9 | face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows
10 | the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The
11 | plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has
12 | acted unlawfully. *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of
13 | the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).

15 |     . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the
16 | complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

17 | *Iqbal*, 129 S.Ct. at 1949-50.

18 |     Allegations of a *pro se* litigant are held to less stringent standards than are formal
19 | pleadings by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d
20 | 652 (1972).

21 |     In the complaint, plaintiff Kevin Scott Davis seeks compensatory damages against
22 | multiple defendants in their individual and official capacity on multiple claims arising from his
23 | criminal prosecution in Las Vegas and his detention at the Clark County Detention Center.
24 | The Court addresses each count in turn.

25 | ***Count I***

26 |     In Count I, plaintiff seeks damages from assistant public defender Jason Trauth, the
27 | Clark County Public Defender's Office, and Assistant Clark County Manager Jeff Wells based
28 | on allegations that plaintiff was denied effective assistance of counsel in his recent state

criminal proceeding.   The complaint alleges that plaintiff entered a plea and has been sentenced.  The complaint does not allege that the conviction has been overturned.

Count I does not present a cognizable claim under Section 1983 under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Under *Heck*, a claim that necessarily implies the invalidity of a state court conviction may not be considered in a civil rights action unless and until the judgment of conviction is invalidated, which plaintiff does not allege and apparently cannot allege has occurred with regard to the recent conviction. Because the claim is not cognizable in the first instance, the Court has no occasion to consider whether state action can be established on the claim against the assistant public defender who represented plaintiff and/or whether plaintiff has alleged a sufficient factual basis for liability against the remaining defendants on Count I.

**Count II**

Count II spans eighteen single-spaced pages and asserts a multitude of alleged Eighth Amendment claims associated with plaintiff's detention at the Clark County Detention Center. The count includes claims that plaintiff was denied bail or that excessive bail was required; that he was denied emergency care following his arrest; that his prescription medications, including oxycodone, Soma, and Xanax, were confiscated during intake; that he was not given the proper medication during his detoxification and withdrawal from opiates; that he was required to make up his bed, stand in a food line and eat at a dining table while undergoing withdrawal; that he was placed in punitive confinement even before receiving a writeup; that he was moved to a different unit to create space in the medical unit; that he was only given an EKG when he complained of chest pain, headaches, passing out and back, leg and hip pain; that his seizures were not diagnosed and he was not provided proper medication; that proper channels were not in place for requesting treatment; that he was not informed of x-ray results; that he again was moved to a different unit; that there was a lack of proper administration of medical services and general disorganization; that he was not protected from injuring himself during seizures; that he was moved to a suicide watch cell; that he was not provided a recommended CT scan; that a kite regarding a wrist injury was not properly

responded to; that he was improperly denied methadone; that he was not provided a proper splint for his wrist injury; that he was denied opiate pain medication; that there was no policy in place to protect detainees from abuse, neglect and recklessness; that there was no follow through as to a spot in his lung shown on an x-ray; that Tylenol-3, which includes an opiate, was not available or was not provided to him at various pill calls; that blood pressure checks were not provided as frequently as ordered after he was diagnosed with hypertension; that there was no policy in place to ensure that one doctor's orders could not be overridden without just cause; that the medical unit was too cold; that the showers were too cold; that blood was drawn from inmates on the same tables from which they ate; that no exercise was provided; that plaintiff was unable to go to church, school, alcoholics anonymous meetings or narcotics anonymous meetings, and that the medical unit was unsanitary because sick inmates were vomiting and urinating all over the unit.

Count II is subject to multiple deficiencies.

First, putting the bail claim to one side for the moment, the Eighth Amendment does not apply to claims brought by pretrial detainees regarding conditions of confinement. The constitutional protections available to detainees regarding their conditions of confinement instead arise under the Due Process Clause of the Fourteenth Amendment, although the Fourteenth Amendment provides no less protection than the Eighth Amendment in this context. *See,e.g., Oregon Advocacy Center v. Mink*, 322 F.3d 1101,1120 (9th Cir. 2003).

Second, under Local Rule LSR 2-1, plaintiff must use the Court's required Section 1983 form to state his claims, and he must follow the instructions for that form in doing so. The instructions clearly state, with the following emphasis: "YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHT PER COUNT." Plaintiff may not, as he has done in Count II, assert multiple civil rights violations under one count, even if they allegedly all arise under one constitutional amendment. He instead must assert one constitutional violation per count.

Third, Count II contains multiple references directing the reader to "see" various intake records, medical records, kites or other materials. Plaintiff must state his constitutional claims

-4-

within the body of the complaint itself without such general references to other documents. The allegations within the body of the complaint must state a claim. If they do not, generalized references to other documents will not save the complaint from dismissal.

Fourth, plaintiff must make specific allegations as to the involvement of each defendant within the body of the complaint on each claim. Repeatedly, plaintiff refers to a number of defendants with respect to a particular date and then includes specific allegations as to an act or omission by only one or possibly two of the defendants. On each claim, as to each defendant sued on that claim, plaintiff must allege specifically what each defendant did or failed to do that caused him harm with regard to that claim.

Fifth, the Clark County Detention Center is not a viable defendant. The Clark County Detention Center is a building. Plaintiff can sue a natural person or a juridical person such as a corporation or a municipality. He may not sue, however, a building or a correctional facility, which is not a juridical person subject to suit.

Sixth, the bail claim under Count II – which is asserted against the Clark County Detention Center – thus is not asserted against a viable defendant. Bail in any event is set by a court, not by the detention center.

Seventh, on plaintiff's multitudinous different claims regarding his medical care in Count II, the allegations presented fail to state a claim upon which relief may be granted. Count II is presented as a near daily diary of the medical care provided to plaintiff at the facility. At various points in the recital, plaintiff asserts sundry variations of the conclusory incantation: "Deliberate indifference to a serious medical need and pain and suffering." Such talismanic recitations of the elements of a cause of action fail to state a claim for relief. *Iqbal, supra.* Rather, in order to state a claim for relief for deliberate indifference to serious medical needs, plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Simmons v. Navajo County, Arizona,* ___ F.3d ___, 2010 WL 2509181, at *4 (June 23, 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff

1   must show that the official was "(a) *subjectively aware* of the serious medical need and (b)

2   failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original).

3   Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence

4   do not amount to deliberate indifference. *See,e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059

5   (9th Cir.1992), *rev'd on other grounds*, WMX Tech., Inc. v. Miller, 104 F.3d 1133 (9th

6   Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

7        The allegations in Count II fail to state a claim in this regard.   For example,

8   confiscating prescription medication, especially opiates, from a detainee on being placed into

9   a jail clearly does not violate the Constitution.   Nor does the mere fact that a health care

10  provider denies opiates to a detainee who, under plaintiff's own allegations, has clear opiate

11  dependence issues constitute deliberate indifference to a serious medical need -- regardless

12  of whether another health care provider inside or outside of the institution prescribed the

13  opiates.

14        In this same vein, many of the medical issues alleged in Count II are largely unrelated.

15  For example, the failure to provide opiate medication is unrelated to a failure to follow through

16  with a recommendation to perform a CT scan as to a spot on plaintiff's lung.  Plaintiff should

17  set forth the separate claims as to separate alleged denials of medical care in separate

18  counts with factual allegations from which the above-described inferences can be drawn, as

19  to each defendant named in each count. Plaintiff should focus on stating a claim as to each

20  different medical issue as to which he seeks relief rather than providing a mere chronological

21  daily summary of his medical care at the Clark County Detention Center.

22  ***Count III***

23        Count III combines three different categories of claims.  Plaintiff, again, must assert

24  one constitutional violation per count and he may not assert multiple civil rights violations

25  under one count.

26        First, plaintiff alleges that from November 16, 2007, through March 30, 2009, two John

27  Doe defendants and defendant Assistant Clark County Manager Jeff Wells violated his right

28  to due process. He alleges that they did so every day that plaintiff could not leave Las Vegas

due to a court order ordering him to check in for pretrial supervision once a week as a condition of his release from custody due to the allegedly wrongly-filed charges in the state criminal prosecution. Allegations only that plaintiff had to report to pretrial supervision pursuant to a court order as a condition of release do not state a viable claim as to these defendants. Plaintiff alleges no personal involvement by Wells or the other defendants giving rise to liability. Further, under *Heck*, plaintiff may not seek damages for a custodial restraint pursuant to a state court order that has not previously been set aside.

Second, plaintiff in the main repeats the allegations from Count I challenging the competency of his representation by the county public defender's office in his state criminal prosecution. For the reasons discussed as to Count I, these allegations fail to state a cognizable claim and are barred by *Heck*.

Third, plaintiff seeks to reassert the multitudinous allegations of Count II *in globo* instead also as a violation of the Due Process Clause of the Fourteenth Amendment. While plaintiff thus seeks to properly invoke the Fourteenth Amendment rather than the Eighth Amendment, the incorporated allegations fail to state a claim for relief for the remaining reasons discussed under Count II.

Accordingly, the foregoing considered as to the Counts I through III, the complaint will be dismissed without prejudice, subject to an opportunity to file an amended complaint correcting the deficiencies in the original complaint, to the extent possible.

### Motion for Temporary and Preliminary Injunctive Relief

In the motion (#12) for a temporary restraining order and motion (#13) for a preliminary injunction, plaintiff seeks wide-ranging temporary and preliminary injunctive relief as to conditions of confinement not at Clark County Detention Center but instead at High Desert State Prison ("High Desert"). He seeks an order, *inter alia*, directing "HDSP" to pay for his postage and copywork charges in challenging allegedly illegal disciplinary charges against him; barring the imposition of any further disciplinary sanctions against plaintiff until the prison's disciplinary procedures are declared legal; restraining "HDSP" from charging plaintiff in any way for copywork or postage as a result of the allegedly illegal disciplinary procedures;

1   restraining "HDSP" from freezing his inmate account; ordering further diagnostic testing by

2   medical personnel outside of the prison; ordering an immediate refill of the medications

3   prescribed prior to his arrest, including the opiates; ordering that he be transported to the

4   outside pain management doctor that prescribed the opiates prior to his arrest; ordering that

5   his prescriptions be filled by an outside pharmacy until arrangements are made for a prison

6   pharmacy; order an appointment with Clark County Social Services regarding his medical

7   bills; ordering an immediate transfer of plaintiff to a different classification level and then,

8   after his medical treatment issues are resolved, to Southern Desert Correctional Center;

9   ordering the replacement of two blue shirts that plaintiff had to "modify" due to there being no

10   toilet paper and reimbursement of plaintiff for the charges for the shirts; ordering

11   reimbursement of plaintiff for the toilet paper that he had to buy at the prison store; ordering

12   that plaintiff be given direct physical access to the prison law library for legal research;

13   restraining any type of "harassment" through illegal cell searches or verbal or physical

14   threats; restraining Correctional Officer Everist from verbally threatening plaintiff or coming

15   into any type of contact with him; and restraining "HDSP" from trying to "influence" the

16   medical treatment that plaintiff receives with statements such as "he's faking it," "inmates are

17   not allowed these types of medications," and/or "he's a drug addict."

18        Plaintiff asserts that he has moved for temporary and preliminary injunctive relief "now

19   only because another inmate (not a law clerk) told plaintiff he might get help this way." #12,

20   at 3, lines 9-10.

21        The motion will be denied for several reasons.

22        First, the complaint presents claims against defendants in Clark County regarding

23   plaintiff's state criminal prosecution in Clark County and the conditions of his confinement at

24   Clark County Detention Center.   The pleadings present no claims regarding plaintiff's

25   incarceration at High Desert State Prison, and he has named no defendants in any capacity

26   with regard to that facility.   The mere filing of a complaint presenting some claims against

27   some defendants as of some point in time does not make this lawsuit a clearinghouse for all

28

-8-

of plaintiff's disputes that may arise thereafter.  Plaintiff may not pursue a motion for injunctive relief as to claims that are not presented by the pleadings.

Second, the complaint in any event seeks monetary damages, not injunctive relief.

Third, plaintiff has failed to provide the verification and certification required under Rule 65(b)(1) of the Federal Rules of Civil Procedure for issuance of a temporary restraining order without both notice to the adverse party and an opportunity to be heard.

Fourth, plaintiff does not even name a viable adverse party in the motions to whom a temporary restraining order and/or preliminary injunction could be directed.  High Desert State Prison is a correctional facility, not a viable defendant to whom an injunction may be directed.

Fifth, plaintiff has not stated a colorable claim of irreparable injury as to many of his requests for injunctive relief.  Filing a motion for temporary injunctive relief because another inmate thought that it would be a good idea does not establish irreparable injury.

Sixth, the underlying complaint currently is subject to dismissal for failure to state upon which relief may be granted.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted, subject to leave to amend within thirty (30) days of entry of this order to correct the deficiencies in the complaint, if possible.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, 2:09-cv-02196-RCJ-LRL, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1 any amended complaint filed must be complete in itself without reference to prior filings.  Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

1    IT FURTHER IS ORDERED that plaintiff's motion (#12) for a temporary restraining

2  order and his motion (#13) for a preliminary injunction both are DENIED.

3    The Clerk of Court shall provide plaintiff with a copy of the complaint together with two

4  copies of a Section 1983 complaint form and one copy of the instructions for same.

5    If an amended complaint is filed in response to this order, the Court will screen the

6  amended pleading before ordering any further action in this case.

7    If plaintiff does not timely mail an amended complaint to the Clerk for filing, a final

8  judgment dismissing this action will be entered.  If the amended complaint does not correct

9  the deficiencies identified in this order and otherwise does not state a claim upon which relief

10  may be granted, a final judgment dismissing this action will be entered.

11    DATED: This 3rd day of August, 2010.

12

13

14  _____

15  ROBERT C. JONES
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28